## IN THE CIRCUIT COURT FOR SUMNER COUNTY, TENNESSEE
## AT GALLATIN

| | |
|---|---|
| **DEBBIE ANN BOLTON, surviving child** ) <br> **of Decedent Ruth Clara Summers,** ) <br> ) <br>     **Plaintiff,** ) <br> ) <br> **v.** ) <br> ) <br> **GALLATIN CENTER FOR** ) <br> **REHABILITATION & HEALING, LLC,** ) <br> ) <br>     **Defendant.** ) | **HEALTH CARE LIABILITY** <br><br><br><br> **CASE NO.** _83CCI·2020-CV–613_ <br><br> FILED _1:47 P_ M <br> _____ JUL 08 2020 <br><br> **JURY DEMAND** |

KATHRYN STRONG, CLERK
BY _____ _MB_ D.C.

### COMPLAINT

Plaintiff, Debbie Ann Bolton, brings this Complaint against Defendant, Gallatin Center For Rehabilitation & Healing, LLC, for the wrongful death of her mother, Ruth Clara Summers, and states to this Court the following facts in support of her claim:

1.    Plaintiff resides at 154 Ralls Street, Gallatin, Tennessee. She is the surviving daughter of Ruth Clara Summers. Ms. Summers was a resident at Defendant's nursing home when she was exposed to COVID-19. On March 29, 2020, Ms. Summers died from COVID-19 infection while she was a patient at Sumner Regional Medical Center. She was 89 years old.

2.    Defendant is a for-profit corporation that owns and operates a nursing home with 207 licensed beds at 438 North Water Avenue in Gallatin, Tennessee. Defendant has a corporate office in New Jersey. It may be served

through Registered Agent, Corporate Creations Network, Inc., located at 205 Powell Place, Brentwood, Tennessee 37027-7522.

3.     Jurisdiction and venue are proper in this Court because the cause of action accrued in Sumner County.

4.     Plaintiff complied with Tenn. Code Ann. § 29-26-121. She mailed Pre-Suit Notice to Defendant at least sixty (60) days prior to filing this Complaint. A copy of the Affidavit of P. Michele Mize, Certificate of Mailing, and Pre-Suit Notice are attached collectively as Exhibit A. Plaintiff filed a Certificate of Good Faith with this Complaint in conformity with Tenn. Code Ann. § 29-26-122.

5.     On April 19, 2019, Defendant admitted Ms. Summers to its nursing home for provision of long-term health care. Ms. Summers required care for chronic obstructive pulmonary disease and mild dementia.

6.     On July 30, 2019, Dr. Hooper performs rounds and does not chart any new problems for Ms. Summers.

7.     On October 26, 2019, Dr. Hooper performs rounds at Defendant's nursing home and notes that Ms. Summers was treated for upper respiratory infection, but he does not chart any additional problems.

8.     On January 21, 2020, Dr. Hooper performs rounds at Defendant's nursing home and notes that Ms. Summers had bronchitis.

9.     On January 31, 2020, Secretary Azar of Health and Human Services declares a public health emergency in response to COVID-19.

10.     On March 1, 2020, Governor Bill Lee publicly confirms the first case of COVID-19 in Tennessee.

11.     On March 12, 2020, Governor Bill Lee declares a state of emergency to deal with COVID-19. Defendant then closes its nursing home to visitors.

12.     On March 21, 2020, Ms. Summers tells Ms. Bolton over the phone that she is not feeling well and worries that Defendant's staff is not taking her respiratory symptoms seriously.

13.     On March 23, 2020 around 13:25, Ms. Summers is found lying on the floor between the wheelchair and bed. Ms. Summers is put back in bed. Around 20:00, Ms. Summers is found lying on floor again with her head on a pillow. Bactrim DS is ordered for upper respiratory infection.

14.     Between March 23rd to March 25th, staff move Ms. Summers from Room 214A to Room 419. Ms. Summers' roommate in Room 214A was Ms. Dorothy Craighead who later tests positive for COVID-19.

15.     On March 24, 2020 at 11:17, Nurse Willis calls Avalon Hospice to verify Bactrim DS for upper respiratory infection. At 17:49, a nurse with Avalon Hospice examines Ms. Summers at Defendant's nursing home. The nurse then phones Ms. Bolton to inform her that Ms. Summers has a severe

3

upper respiratory infection and that her lungs sound horrible. Ms. Bolton calls Defendant's staff to inquire whether Ms. Summers needs testing for COVID-19.

16.    On March 25, 2020 at 14:32, Defendant's staff call 911 because Ms. Summers is experiencing fever, cough, and shortness of breath. EMS arrives at 14:55. Ms. Summers is taken by ambulance to the ER at Sumner Regional Medical Center.

17.    While in the ER, Dr. John Pinkston notes that Ms. Summers has complaints consistent with COVID-19, and isolation precautions are started. Ms. Summers has severe respiratory symptoms and is transferred to CCU.

18.    On March 26, 2020, Ms. Summers has shallow respirations and difficulty breathing.

19.    On March 27, 2020, lab tests in the hospital confirm that Ms. Summers has COVID-19. Dr. King has to put a tube down Ms. Summers' throat and into her windpipe to get more air in her lungs (intubation) and places her on a ventilator.

20.    On March 28, 2020, Ms. Summers' respiratory condition deteriorates further.

21.    On March 29, 2020, Dr. Donovan informs Ms. Bolton that the prognosis for Ms. Summers is grim. Ms. Summers is pronounced dead in the hospital at 16:29 due to COVID-19 infection. She dies without any family

present because she was in quarantine. The Death Certificate is attached as Exhibit B.

## COUNT I – GROSS NEGLIGENCE

22.     Defendant's staff negligently moved residents who had symptoms consistent with COVID-19 from room to room throughout the nursing home. Ms. Summers was one of those residents who was moved. Defendant should have left those residents in their room and thereby making it an isolation room.

23.     Defendant's staff negligently moved residents whose symptoms were consistent with COVID-19 in close proximity to other residents who had no symptoms.

24.     Defendant's staff negligently failed to place masks on residents while they were moved from room to room. Ms. Summers was one of those residents.

25.     Defendant's staff negligently failed to keep the doors to isolation rooms closed. Approximately 90% of the doors to isolation rooms were left open.

26.     Defendant's staff negligently failed to mandate that its staff keep their masks covered over nose and mouth.

27.     Defendant's staff negligently failed to place the residents, who needed dialysis three times per week, on a 14-day quarantine after they had returned to the nursing home. Defendant knew or should have known these

residents who needed dialysis were exposed to other patients outside of the nursing home who may be infected with COVID-19.

28.     Defendant negligently failed to require fit testing before use of N95 masks. A fit test tests the seal between the N95 mask and face. The purpose of the fit test is to assure that the mask fits and seals properly so contaminated air cannot leak in or out of the mask. About 15-20 minutes are needed to complete the fit test and should be performed when the N95 mask is first used.

29.     Defendant owed Ms. Summers a direct independent duty to provide the care, protection, and attention provided by other nursing homes in similar communities. Defendant breached that duty in multiple ways which led to COVID-19 infection and death of Ms. Summers.

30.     Defendant negligently allowed its nurses to eat on top of the medication cart in the hallway. Defendant knew or should have known eating on medication carts can spread COVID-19.

31.     Defendant negligently failed to treat the premises for cockroaches in the kitchen and hallways.

32.     Defendant negligently allowed several staff to work who had symptoms consistent with COVID-19. Defendant knew or should have known allowing staff to work who had symptoms consistent with COVID-19 can spread the virus.

33.     Defendant negligently failed to require staff to wash their hands after caring for each resident. Staff were observed not using hand sanitizer when they would come out of resident's rooms. Defendant knew or should have known this could spread COVID-19.

34.     Defendant knew their activity director and another member of the staff member had traveled to New York City on March 2, 2020, but negligently failed to place them on 14-day quarantine before allowing them to return to work. At that time, Defendant knew or should have known that New York City was the epicenter of the COVID-19 infection in America.

35.     Defendant negligently failed to procure and supply appropriate personal protective equipment ("PPE") for all its staff to use in the nursing home. Defendant knew or should have known proper PPE can prevent the spread of COVID-19. Moreover, Defendant had sufficient time in advance to obtain adequate supplies of PPE.

36.     Defendant negligently failed to enforce consistent use of proper PPE by all its staff. Defendant knew or should have known proper PPE can prevent the spread of COVID-19. Furthermore, Defendant knew or should have known that enforcement was the key to consistent use of PPE.

37.     Defendant negligently failed to suspend the admission of residents from Sumner Regional Medical Center who had pneumonia of unknown origin. These residents were not tested for COVID-19 prior to their admission to

Defendant's nursing home. Defendant knew or should have known patients with pneumonia of unknown origin risk exposure of COVID-19 in the nursing home.

38. Defendant negligently failed to require completion of questionnaires at the front desk by all of its staff and all family members. Defendant knew or should have known that completion of questionnaires was integral to discovering whether asymptomatic staff and families were potential sources of COVID-19 exposure prior to contact with residents.

39. Defendant failed to have an infrared forehead thermometer that worked properly. This thermometer was used to check for elevated temperatures of the staff. Several staff reported that this thermometer was erroneously recording temperatures below their true body temperature. Nevertheless, Defendant continued to use the same thermometer. Defendant relied heavily on this defective thermometer to detect elevated temperatures. Defendant knew or should have known that their thermometer had to be accurate at all times.

40. Defendant negligently allowed continued use of a biometric time clock without enforcement of sanitary measures. According to the Centers for Disease Control and Prevention, a person can be exposed to COVID-19 by touching a surface that has the virus on it. Use of the biometric clock requires all staff to place their fingers on a contaminated surface twice per day

in order to record the times they checked in and checked out from work. Defendant's management knew the surface of the biometric time clock was a potential source of COVID-19 exposure and was not being cleaned after each use.

41.     Defendant's administrator negligently held daily departmental staff meetings where there was no social distancing. Defendant knew or should have known lack of social distancing during these meetings could spread COVID-19.

42.     Defendant's conduct in whole or in part constitutes gross negligence which led to COVID-19 infection and death of Ms. Summers.

## II.     RECKLESSNESS

43.     This is an egregious case. Defendant's management recklessly exposed Ms. Summers and other residents to COVID-19. Defendant's management was aware of but consciously disregarded a substantial and unjustifiable risk of COVID-19 exposure such that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances.

44.     On April 22, 2020, Tennessee's COVID-19 Unified-Command Group reports one hundred and sixty-one (161) confirmed cases of COVID-19 at Defendant's nursing home. Since that date, more residents and staff became

infected with COVID-19 at Defendant's nursing home. Several residents have died due to COVID-19 exposure at Defendant's nursing home.

45.     Members of Defendant's management knew or suspected that residents at the nursing home had been exposed to COVID-19. Nevertheless, they attempted to cover it up by concealing facts about the exposure not only from families of residents but also from the staff. Punitive damages are necessary in this case as a means of deterring this kind of reckless nursing home care in the future.

46.     Ms. Summers died alone without her family. She endured a tragic and painful death. She incurred significant medical expenses for hospital care and treatment that must be repaid to the taxpayers. Ms. Bolton lost the consortium of her mother and seeks all damages allowed by Tennessee's wrongful death statute.

47.     Ms. Bolton's claim accrued <u>before</u> Governor Lee signed Executive Order #53 on July 1, 2020. Retrospective application of that Executive Order or subsequent legislation would violate Article I, Section 20 of the Tennessee Constitution and therefore unconstitutional. *See Doe v. Sundquist*, 2 S.W.3d 919, 907 (Tenn. 1999).

WHEREFORE, Ms. Bolton requests compensatory damages in an amount set by the Court because all life is precious. She also requests punitive

damages in an amount set by the Court to deter similar reckless misconduct in the future.

Respectfully Submitted,

**THE KELLY FIRM**

_(signature: Clinton L. Kelly)_

_____
F. Dulin Kelly, BPR No. 04085
Clinton L. Kelly, BPR No. 16171
629 East Main Street
Hendersonville, Tennessee 37075
Telephone: 615-800-0000
Facsimile: 615-824-2674
dulin@kellyfirm.net
clint@kellyfirm.net
*Attorneys for Plaintiff*

**DISCOVERY SERVED WITH COMPLAINT**

DEBBIE ANN BOLTON, surviving child )
of Decedent Ruth Clara Summers, )
                                   )
    Plaintiff,                )
                                   )
v.                                )
                                   )
GALLATIN CENTER FOR        )
REHABILITATION & HEALING, LLC,  )
                                 )
    Defendant.             )

**HEALTH CARE LIABILITY**

CASE NO. 83CCI- 2020 - CV - 613

**JURY DEMAND**

## AFFIDAVIT OF SERVICE VIA CERTIFIED MAIL

I, P. Michele Mize, being first duly sworn, hereby affirm that I am an adult citizen of the State of Tennessee over the age of eighteen (18), competent to make the statements contained in this Affidavit. I am employed as Senior Paralegal by THE KELLY FIRM. On April 3, 2020, I served the attached Notices of Claim pursuant to TCA 29-26-122 with the enclosures thereto, via U.S. Postal Service Certified Mail, Return Receipt requested, upon:

Corporate Creations Network, Inc.
Agent for Gallatin Center for
Rehabilitation and Healing, LLC
205 Powell Place
Brentwood, TN 37027-7522

Gallatin Center for Rehabilitation
and Healing, LLC
36 Airport Rd. Suite 201
Lakewood, NJ 08701-7034

Gallatin Center for Rehabilitation
and Healing, LLC
438 North Water Ave.
Gallatin, TN 37066

FILED
_____ 1:47 P M

JUL 08 2020

KATHRYN STRONG, CLERK
BY_____ D.C.

as witness the attached USPS Certificates of Mailing and Return Receipt stamped/labeled "Received", Article/tracking number 70191640000134481764 on April 6, 2020; labeled "Refused", Article/tracking number



EXHIBIT
A

70191640000134481757, and "Delivered", Article/tracking number 70191640000134481771.

Further The Affiant Sayeth Not.

_P. Michele Mize, Affiant_

STATE OF TENNESSEE )

COUNTY OF SUMNER )

Sworn and subscribed before me by P. Michele Mize, to me personally known, in the County and State above shown, as witness my hand and seal at Hendersonville, Tennessee this _8th_ day of July, 2020:

NOTARY PUBLIC

My Commission expires: _5/2__

2


ATTORNEYS

○†✦ F. DULIN KELLY
      dulin@kellyfirm.net
○✦ CLINTON L. KELLY
      clint@kellyfirm.net

**The KELLY FIRM**
**T R I A L   L A W Y E R S**

PARALEGALS

P. MICHELE MIZE
APRIL WHITE
SHEILA TERRY

629 East Main Street • Hendersonville, Tennessee 37075
(615) 800-0000 • FAX: (615) 824-2674
www.kellyfirm.net

## April 2, 2020

<u>Via **USPS Certified, Return Receipt**</u>

**Gallatin Center for Rehabilitation and Healing, LLC**
36 Airport Rd.
Suite 201
Lakewood, NJ 08701-7034

**Corporate Creations Network, Inc.**
Agent for Gallatin Center for Rehabilitation
and Healing, LLC
205 Powell Place
Brentwood, TN 37027-7522

**Gallatin Center for Rehabilitation and Healing, LLC**
438 North Water Ave.
Gallatin, TN 37066

**Re:** Pre-suit Notice of Health Care Liability Claim

    Patient:            Clara Ruth Summers
    Date of birth:      03/25/31
    Date of death:      03/29/20

**Name and address of claimant authorizing this notice and relationship to patient:**

    Claimant:           Debbie Ann George Bolton
    Relationship:       Daughter of Clara Ruth Summers
    Address:            154 Ralls Street, Gallatin, TN 37066

**Name and address of attorney sending this notice:**

    Clinton L. Kelly, Esq.
    The Kelly Firm
    629 East Main Street
    Hendersonville, TN 37075

○  Certified as a Medical Malpractice Specialist
†  Certified as a Civil Trial Advocate by National Board of Trial Advocacy
✦  Certified as a Civil Trial Advocate by National Board of Trial Advocacy in the field of Professional Negligence

Case 3:20-cv-00683  Document 1-1  Filed 08/07/20  Page 14 of 34 PageID #: 22

I represent Debbie Bolton who is the claimant authorizing this pre-suit notice pursuant to Tenn. Code Ann. § 29-26-121. Please forward this notice to your professional liability insurance carrier and attorney.

Sincerely,

Clinton L. Kelly

## LIST OF NAMES AND ADDRESSES OF ALL HEALTH CARE PROVIDERS
## TO WHOM THIS PRE-SUIT NOTICE WAS SENT

**Gallatin Center for Rehabilitation and Healing, LLC**
36 Airport Rd.
Suite 201
Lakewood, NJ 08701-7034

**Gallatin Center for Rehabilitation and Healing, LLC**
438 North Water Ave.
Gallatin, TN 37066

**Corporate Creations Network, Inc.**
Agent for Gallatin Center for Rehabilitation and Healing, LLC
205 Powell Place
Brentwood, TN 37027-7522

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

BRENTWOOD, TN 37027

| | |
|---|---|
| Certified Mail Fee | $3.55 |
| $ | $2.85 |

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)     $ $0.00
☐ Return Receipt (electronic)    $ $0.00
☐ Certified Mail Restricted Delivery   $ $0.00
☐ Adult Signature Required      $ $0.00
☐ Adult Signature Restricted Delivery $

Postage    $0.55

Postmark Here

APR - 03 2020

**Corporate Creations Network, Inc.**
Agent for Gallatin Center for
Rehabilitation and Healing, LLC
205 Powell Place
Brentwood, TN 37027-7522

7019 1640 0001 3448 1764

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**UNITED STATES POSTAL SERVICE** ®

**Certificate Of Ma**

This C
This fo

From:
**The Kelly Firm Trial Lawyers**
Attn: Sheila Terry
629 East Main Street
Hendersonville, TN 37075

To:
**Corporate Creations Network, Inc.**
Agent for Gallatin Center for
Rehabilitation and Healing, LLC
205 Powell Place
Brentwood, TN 37027-7522

U.S. POSTAGE PAID
HENDERSONVILLE, TN
APR 03 20
AMOUNT
**$1.50**
R2305K10079-24

PS Form **3817**, April 2007 PSN 7530-02-000-9065

---

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X  Connally
☐ Agent
☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery

1. Article Addressed to:

**Corporate Creations Network, Inc.**
Agent for Gallatin Center for
Rehabilitation and Healing, LLC
205 Powell Place
Brentwood, TN 37027-7522

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

9590 9402 5035 9092 3331 18

3. Service Type
☑ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number *(Transfer from service label)*

7019 1640 0001 3448 1764

PS Form **3811**, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

GALLATIN, TN 37066

| Certified Mail Fee | $3.55 |
| | |

Extra Services & Fees *(check box, add fee as appropriate)*
- ☐ Return Receipt (hardcopy)     $ $0.00
- ☐ Return Receipt (electronic)     $ $0.00
- ☐ Certified Mail Restricted Delivery     $ $0.00
- ☐ Adult Signature Required     $ $0.00
- ☐ Adult Signature Restricted Delivery $

Postmark Here

APR - 3 2020

Postage     $0.55

Total Postage and Fees     $

Gallatin Center for
Rehabilitation and Healing, LLC
438 North Water Ave.
Gallatin, TN 37066

Sent To

Street and Apt. No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

7019 1640 0001 3448 1757

---

**UNITED STATES**
**POSTAL SERVICE®**

**Certificate Of M**

From

**The Kelly Firm Trial Lawyers**
Attn: Sheila Terry
629 East Main Street
Hendersonville, TN 37075

To

**Gallatin Center for**
**Rehabilitation and Healing, LLC**
438 North Water Ave.
Gallatin, TN 37066

PS Form **3817**, April 2007 PSN 7530-02-000-9065

**$1.50**
R2305K140079-24

U.S. POSTAGE PAID
HENDERSONVILLE, TN
37075
APR 03, 20
AMOUNT





Refused

629 East Main Street • Hendersonville, Tennessee 37075

The KELLY FIRM TRIAL LAWYERS

RETURN RECEIPT REQUESTED

received 4/3/20

CERTIFIED MAIL

7019 1640 0001 3448 1757

Gallatin Center for Rehabilitation and Healing, LLC
438 North
Gallatin, T

NIXIE        372  DE 1          0004/03/20

RETURN TO SENDER
VACANT
UNABLE TO FORWARD

BC: 37673266629        *1359-01597-03-42

U.S. POSTAGE PAID
HENDERSONVILLE, TN
37075
APR 03, 20
AMOUNT
$6.95
R2305K14007B-24

37066



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

LAKEWOOD, NJ 08701        OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee | $3.55 |
| | $2.85 |
| Extra Services & Fees *(check box, add fee as appropriate)* | |
| ☐ Return Receipt (hardcopy) | $ $0.00 |
| ☐ Return Receipt (electronic) | $ $0.00 |
| ☐ Certified Mail Restricted Delivery | $ $0.00 |
| ☐ Adult Signature Required | $ $0.00 |
| ☐ Adult Signature Restricted Delivery | |
| Postage | $0.55 |
| Total | $6.95 |
| Sent To | |

Gallatin Center for Rehabilitation
and Healing, LLC
36 Airport Rd.
Suite 201
Lakewood, NJ 08701-7034

APR - 3 2020

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions



**UNITED STATES POSTAL SERVICE®**

Certificate Of Mailing

The Kelly Firm Trial Lawyers
Attn: Sheila Terry
629 East Main Street
Hendersonville, TN 37075

To: Gallatin Center for Rehabilitation
and Healing, LLC
36 Airport Rd.
Suite 201
Lakewood, NJ 08701-7034

U.S. POSTAGE PAID
HENDERSONVILLE, TN
APR 03 20
AMOUNT
$1.50
R2305K140079-24

PS Form 3817, April 2007 PSN 7530-02-000-9065

# USPS Tracking®

## Track Another Package  +

**Tracking Number:** 70191640000134481771

Remove ✕

Your item was delivered to an individual at the address at 9:27 am on April 20, 2020 in LAKEWOOD, NJ 08701.

Feedback

⊘ **Delivered**

April 20, 2020 at 9:27 am
Delivered, Left with Individual
LAKEWOOD, NJ 08701

---

### Tracking History  ⌃

**April 20, 2020, 9:27 am**
Delivered, Left with Individual
LAKEWOOD, NJ 08701
Your item was delivered to an individual at the address at 9:27 am on April 20, 2020 in LAKEWOOD, NJ 08701.

---

**April 6, 2020, 9:34 am**
Notice Left (No Authorized Recipient Available)
LAKEWOOD, NJ 08701

---

**April 6, 2020, 3:46 am**
Arrived at Unit
LAKEWOOD, NJ 08701

**April 5, 2020, 7:42 pm**
Departed USPS Regional Destination Facility
TRENTON NJ DISTRIBUTION CENTER

**April 5, 2020, 8:58 am**
Arrived at USPS Regional Destination Facility
TRENTON NJ DISTRIBUTION CENTER

**April 4, 2020**
In Transit to Next Facility

**April 3, 2020, 11:24 pm**
Departed USPS Regional Origin Facility
NASHVILLE TN DISTRIBUTION CENTER

**April 3, 2020, 9:10 pm**
Arrived at USPS Regional Origin Facility
NASHVILLE TN DISTRIBUTION CENTER

**April 3, 2020, 8:36 am**
USPS in possession of item
HENDERSONVILLE, TN 37075

Feedback

**Product Information** ⌄

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**



TENNESSEE DEPARTMENT OF HEALTH
**CERTIFICATE OF DEATH**   STATE FILE NUMBER 2020 019941

| Field | Value |
|---|---|
| 1 Decedent's Legal Name | CLARA RUTH SUMMERS |
| 2 Sex | FEMALE |
| 3 Date of Death | 03/29/2020 |
| 4 Time of Death (Approx.) | 04 29 PM |
| 5a Age | 89 |
| 6 Date of Birth | 03/25/1931 |
| 7 Birthplace | ORLINDA, TN |
| 8a Place of Death | INPATIENT |
| 8b Facility Name | SUMNER REGIONAL MEDICAL CENTER |
| 8c City or Town | GALLATIN |
| 8d County of Death | SUMNER |
| 9 Marital Status | WIDOWED |
| 10 Surviving Spouse (name prior to first marriage) | |
| 11a Decedent's Usual Occupation | HOMEMAKER |
| 11b Kind of Business/Industry | OWN HOME |
| 12 Social Security Number | |
| 13a Residence-State or Foreign Country | TENNESSEE |
| 13b County | SUMNER |
| 13c City or Town | GALLATIN |
| 13d Street and Number | 306 WEST SCHELL STREET |
| 13e Inside City Limits? | YES |
| 13f Zip Code | 37066 |
| 14 Was Decedent ever in US Armed Forces? | NO |
| 15 Decedent's Education | 8TH GRADE OR LESS |
| 16 Decedent of Hispanic Origin? | NO, NOT SPANISH/HISPANIC/LATINO |
| 17 Decedent's Race | WHITE |
| 18 Father's Name | LOUIS FISHER |
| 19 Mother's Name Prior to First Marriage | CLARA HESTER |
| 20a Informant's Name | DEBBIE BOLTON |
| 20b Relationship to Decedent | DAUGHTER |
| 20c Mailing Address | 154 RALLS STREET, GALLATIN, TN 37066 |
| 21a Method of Disposition | BURIAL |
| 21b Place of Disposition | HALLTOWN CEMETERY |
| 21c Location | PORTLAND, TN |
| 22a Signature of Funeral Director | /s/ ALEC HOWARD HARDIN |
| 22b License Number | 6306 |
| 22c Signature of Embalmer | /s/ Tracey H Bond |
| 22d License Number | 4072 |
| 22e Name and Address of Funeral Home | WILKINSON AND WISEMAN FUNERAL HOME, INC., 715 SOUTH BROADWAY, PORTLAND, TN 37148-0628 |
| 22b License Number | 22 |
| 24 Registrar's Signature | /s/ e EDWARD G BISHOP III |
| 23 Date Filed | 04/08/2020 |

25 Certifier

26a. ☒ PHYSICIAN – TO THE BEST OF MY KNOWLEDGE, DEATH OCCURRED AT THE DATE, TIME, AND PLACE, AND DUE TO THE CAUSE(S) AND MANNER STATED
26b. ☐ MEDICAL EXAMINER – ON THE BASIS OF EXAMINATION, AND/OR INVESTIGATION, IN MY OPINION, DEATH OCCURRED AT THE DATE, TIME, AND PLACE, AND DUE TO THE CAUSE(S) AND MANNER STATED

| Field | Value |
|---|---|
| 27a Certifier | /s/ SEAN THOMAS DONOVAN |
| 27b License Number | 050388 |
| 27c Date Signed | 04/07/2020 |
| 27d Name and Address | SEAN THOMAS DONOVAN ANOVA MEDICAL ASSOCIATES 555 HARTSVILLE PIKE, GALLATIN, TN 37066 |

28 Part I. ENTER THE CHAIN OF EVENTS - DISEASES, INJURIES, OR COMPLICATIONS THAT DIRECTLY CAUSED THE DEATH. DO NOT ENTER TERMINAL EVENTS SUCH AS CARDIAC ARREST, RESPIRATORY ARREST, OR VENTRICULAR FIBRILLATION WITHOUT SHOWING THE ETIOLOGY. ENTER ONLY ONE CAUSE ON A LINE.

IMMEDIATE CAUSE (Final disease or condition resulting in death) Sequentially list conditions, if any, leading to the cause listed on line a. Enter the UNDERLYING CAUSE (disease or injury that initiated the events resulting in death) LAST

a. COVID 19 VIRUS INFECTION
b. ACUTE RESPIRATORY FAILURE WITH HYPOXIA
c.
d.

Approximate Interval Onset to Death

Part II. OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RESULTING IN THE UNDERLYING CAUSE GIVEN IN PART I
ACUTE RENAL FAILURE; ATRIAL FIBRILLATION; HYPERTENSION; GASTROESOPHAGEAL REFLUX DISEASE

| Field | Value |
|---|---|
| 29a. Was an Autopsy Performed? | NO |
| 29b. Were Autopsy Findings Available to Complete the Cause of Death? | |
| 30. Manner of Death | NATURAL |
| 31. Did Tobacco Use Contribute to Death? | NO |
| 32. If Female: | NOT PREGNANT WITHIN PAST YEAR |
| 33. If Transportation Injury, Specify: | |
| 34a. Date of Injury | |
| 34b. Time of Injury | |
| 34c. Injury at Work? | |
| 34d. Place of Injury | |
| 34e. Describe How Injury Occurred | |
| 34f. Location of Injury | |

PH-1654 (Rev. 3/2017)

FILED
1:47 P M
JUL 08 2020
KATHRYN STRONG, CLERK
MB D.C.

**EXHIBIT B**

12321642

I hereby certify the above to be a true and correct representation of the record or document on file in this department. This certified copy is valid only when printed on security paper showing the red embossed seal of the Tennessee Department of Health. Alteration or erasure voids this certification. Reproduction of this document is prohibited.

Tennessee Code Annotated 68-3-101 et seq., Vital Records Act of 1977

1 2 3 2 1 6 4 2

Edward G. Bishop III
State Registrar

Lisa Piercey, MD, MBA, FAAP
Commissioner

Date Issued: Apr-08-2020

CERTIFICATION OF VITAL RECORD

**CORPORATE CREATIONS®**
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

GALLATIN CENTER FOR REHABILITATION AND HEALING LLC        April 07, 2020
  registered agent correspondences
Interstate Filings LLC / LLC Publishing Corp.
2071 Flatbush Avenue, Suite 189
Brooklyn NY 11234

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2020-254

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
|---|---|---|
| 1. | **Entity Served:** | GALLATIN CENTER FOR REHABILITATION AND HEALING LLC |
| 2. | **Title of Action:** | RE: Clara Ruth Summers |
| 3. | **Document(s) Served:** | Pre-Suit Notice of Health Care Liability Claim |
| 4. | **Court/Agency:** | The Kelly Firm |
| 5. | **State Served:** | Tennessee |
| 6. | **Case Number:** | N/A |
| 7. | **Case Type:** | Healtcare Liability Claim |
| 8. | **Method of Service:** | Certified Mail |
| 9. | **Date Received:** | Monday 04/06/2020 |
| 10. | **Date to Client:** | Tuesday 04/07/2020 |
| 11. | **# Days When Answer Due: Answer Due Date:** | Not Applicable      CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:** (Name, City, State, and Phone Number) | Clinton L. Kelly, Esq. Hendersonville, TN 615-800-0000 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 431 |
| 16. | **Notes:** | |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.



ATTORNEYS

○†✦ F. DULIN KELLY
    dulin@kellyfirm.net
○✦ CLINTON L. KELLY
    clint@kellyfirm.net

PARALEGALS

P. MICHELE MIZE
APRIL WHITE
SHEILA TERRY

629 East Main Street · Hendersonville, Tennessee 37075
(615) 800-0000 · FAX: (615) 824-2674
www.kellyfirm.net

**April 3, 2020**

**Vɪᴀ USPS Cᴇʀᴛɪꜰɪᴇᴅ, Rᴇᴛᴜʀɴ Rᴇᴄᴇɪᴘᴛ**

**Gallatin Center for Rehabilitation and Healing, LLC**
36 Airport Rd.
Suite 201
Lakewood, NJ 08701-7034

**Corporate Creations Network, Inc.**
Agent for Gallatin Center for Rehabilitation and Healing, LLC
205 Powell Place
Brentwood, TN 37027-7522

**Gallatin Center for Rehabilitation and Healing, LLC**
438 North Water Ave.
Gallatin, TN 37066

**Re:** Pre-suit Notice of Health Care Liability Claim

       Patient:         Clara Ruth Summers
       Date of birth:    03/25/31
       Date of death:   03/29/20

**Name and address of claimant authorizing this notice and relationship to patient:**

       Claimant:        Debbie Ann George Bolton
       Relationship:    Daughter of Clara Ruth Summers
       Address:        154 Ralls Street, Gallatin, TN 37066

**Name and address of attorney sending this notice:**

       Clinton L. Kelly, Esq.
       The Kelly Firm
       629 East Main Street
       Hendersonville, TN 37075

○ Certified as a Medical Malpractice Specialist
† Certified as a Civil Trial Advocate by National Board of Trial Advocacy
✦ Certified by the American Board of Professional Liability Attorneys in the field of Medical Professional Negligence

Case 3:20-cv-00683 Document 1-1 Filed 08/07/20 Page 25 of 34 PageID #: 33

I represent Debbie Bolton who is the claimant authorizing this pre-suit notice pursuant to Tenn. Code Ann. § 29-26-121. Please forward this notice to your professional liability insurance carrier and attorney.

Sincerely,

Clinton L. Kelly

Clinton L. Kelly

## LIST OF NAMES AND ADDRESSES OF ALL HEALTH CARE PROVIDERS
## TO WHOM THIS PRE-SUIT NOTICE WAS SENT

**Gallatin Center for Rehabilitation and Healing, LLC**
36 Airport Rd.
Suite 201
Lakewood, NJ 08701-7034

**Gallatin Center for Rehabilitation and Healing, LLC**
438 North Water Ave.
Gallatin, TN 37066

**Corporate Creations Network, Inc.**
Agent for Gallatin Center for Rehabilitation and Healing, LLC
205 Powell Place
Brentwood, TN 37027-7522

APR 0 6 2020

IN THE CIRCUIT COURT FOR SUMNER COUNTY, TENNESSEE
AT GALLATIN

| | |
|---|---|
| DEBBIE ANN BOLTON, surviving child ) of Decedent Ruth Clara Summers, ) | HEALTH CARE LIABILITY |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 83CCI-2020-CV-613 |
| ) | |
| GALLATIN CENTER FOR ) REHABILITATION & HEALING, LLC, ) | FILED |
| ) | 1:47 P M |
| Defendant. ) | JURY DEMAND |

JUL 08 2020

KATHRYN STRONG, CLERK
BY_____ D.C.

## **CERTIFICATE OF GOOD FAITH**

Pursuant to Tenn.Code Ann. § 29-26-122, I hereby state the following:

1.  I have consulted with a medical expert who has provided a signed

written statement to me confirming that upon information and belief he:

(A)  is competent under Tenn.Code Ann. § 29-26-115 to express medical opinions in the case; and

(B)  believes, based on the information available from the records concerning the care and treatment of Clara Ruth Summers for the incidents at issue, that there is a good faith basis to maintain this action consistent with the requirements of Tenn.Code Ann. § 29-26-115.

2.  I have never been found in violation of Tenn.Code Ann. § 29-26-122.

Clinton L. Kelly

Clinton L. Kelly

July 8, 2020

# STATE OF TENNESSEE
## 18th JUDICIAL DISTRICT
### Circuit Court Sumner County, Tennessee

☑ Original
☐ Alias
☐ Pluries

Debbie Ann Bolton

_____

_____

**Plaintiff(s)**

vs. Case # _83CC1- 2020-CV- 613_

☐ Local Sheriff
☐ Out of County
☐ Sec. of State
☐ Comm. of Ins.
☐ Attorney
☑ Certified Mail

**ORIGINAL**

Gallatin Center for Rehabilitation & Healing, LLC
c/o Corporate Creations Network, Inc (Agent)
**Defendant(s)**

**TO THE ABOVE NAMED DEFENDANT(S):** Gallatin Center for Rehabilitation & Healing, LLC

You are hereby summoned to appear and defend a Civil Action filed against you in the Circuit Court, Sumner County, Tennessee; and your defense must be made within thirty (30) days from the date this summons is served upon you, exclusive of the day of service. You are further directed to file your defense with the Clerk of this Court and send a copy to the Plaintiff's Attorney, Clinton L. Kelly, The Kelly Firm (615) 800-0000 _____ whose address is _____ 629 E. Main St., Hendersonville, TN 37075-2606 ___. In case of your failure to defend this action by the above date, judgment by default can be rendered against you for the relief demanded in the complaint.

**TO THE SHERIFF:** Execute this summons and make your return herein as provided by law.

**WITNESS, Kathryn Strong**, Clerk of the Circuit Court at Office in Gallatin, Tennessee.

Issued: _____ July 8 , 20 20 .

**KATHRYN STRONG, CLERK**

By: _M Brown_ **D.C.**

**RECEIVED THIS SUMMONS FOR SERVICE, THIS ____ DAY OF _____ , 20 ___**

**Deputy Sheriff**

### RETURN ON SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____ , 20 ____, I served this summons together with a copy of the complaint herein as follows:

_____

_____

**SHERIFF - DEPUTY SHERIFF**

RECEIVED

JUL 1 7 2020

By

ADA
FOR ASSISTANCE CALL
625-451-6023

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify and return, that on the _8th_ day of _July_, 20 _20_, I sent, postage prepaid, by registered return receipt mail or certified return receipt mail, a certified copy of the summons and a copy of the complaint in Case No. _83 CCI-2020 -_ to the defendant, _Gallatin Center Rehab & Healing_ _CV-613_. On the _13_ day of _July_, 20 _20_, I received the return receipt for said registered or certified mail, which had been signed by _Rene Connelly_ on the _10_ day of _July_, 20 _20_. Said return receipt is attached to this original summons and both documents are being sent herewith to the Circuit Court Clerk for filing.

SWORN TO AND SUBSCRIBED BEFORE ME ON THIS _14_ DAY OF _July_

_____
NOTARY PUBLIC or DEPUTY CLERK
My Commission Expires: _____

_Virginia_ _Clu_
PLAINTIFF/PLAINTIFF'S ATTORNEY OTHER PERSON AUTHORIZED BY STATUTE TO SERVE PROCESS

_____ NOTICE _____

TO THE DEFENDANT(S):

Tennessee law provides a ten thousand dollar ($10,000.00) debtor's equity interest personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

*ATTACH
RETURN RECEIPT
HERE
(IF APPLICABLE)*

---

STATE OF TENNESSEE

COUNTY OF SUMNER

*(To be completed only if
copy certification required.)*

I, **Kathryn Strong, Clerk of the Circuit Court** in the State and County aforesaid, do hereby certify this to be a true and correct copy of the original summons issued in this case.

**Kathryn Strong, Clerk**

By: _____

## SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**1. Article Addressed to:**

Gallatin Center for Rehabilitation
And Healing, LLC
c/o Corporate Creations Network, Inc.
205 Powell Place
Brentwood, TN 37027-7522

9590 9402 2433 6249 3084 39

**2. Article Number** *(Transfer from service label)*

7019 1640 0001 3448 2105

### *COMPLETE THIS SECTION ON DELIVERY*

**A. Signature**

X _Rc  Ewb  14  CIP_   ☐ Agent
                                      ☐ Addressee

**B. Received by** *(Printed Name)*    **C. Date of Delivery**
_Rene Connelly_          7·10·20

**D. Is delivery address different from item 1?** ☐ Yes
If YES, enter delivery address below:    ☐ No

**3. Service Type**
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form **3811**, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

---

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)       $ _____     Postmark
☐ Certified Mail Restricted Delivery  $ _____     Here
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage
$

Total P
$

Sent To   Gallatin Center for Rehabilitation
          And Healing, LLC
Street    c/o Corporate Creations Network, Inc.
City, St  205 Powell Place
          Brentwood, TN 37027-7522

7019 1640 0001 3448 2105

PS Form **3800**, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

# IN THE CIRCUIT COURT FOR SUMNER COUNTY, TENNESSEE
## AT GALLATIN

**DEBBIE ANN BOLTON, surviving child**
**Of Decedent Ruth Clara Summers**

**Docket No. 83CCI-2020-CV-613**

**v.**

**GALLATIN CENTER FOR REHABILITATION**
**& HEALING, LLC**

## NOTICE OF FILING NOTICE OF REMOVAL

COMES NOW, Defendant, Gallatin Center for Rehabilitation & Healing, LLC, by and through their undersigned counsel, and hereby gives notice that it has this day filed a Notice of Removal of this action to the United States District Court for the Middle District of Tennessee, Nashville Division. By virtue of the Notice of Removal, this action has been removed from the Circuit Court of Sumner County, Tennessee to the United States District Court for the Middle District of Tennessee, Nashville Division. A copy of the Notice of Removal, exclusive of attachments, is attached hereto as Exhibit A.

**WHEREFORE**, the Circuit Court of Sumner County shall proceed no further in this action unless and until the case is remanded.

1

Respectfully submitted,

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

MINTON P. MAYER, #18111
HOWARD B. HAYDEN, #10986
*Attorneys for Gallatin Center for Rehabilitation and*
*Healing, LLC*
401 Church Street, Suite 1410
Nashville, Tennessee 37219
Telephone: (615) 248-3605
Facsimile: (615) 248-3606
minton.mayer@qpwblaw.com
howard.hayden@qpwblaw.com

## CERTIFICATE OF SERVICE

This is to certify that, on August 7th, 2020, a true and correct copy of the foregoing document has been served in the manner of service indicated on the counsel of record listed below:

☒ By U.S. Mail, first-class postage prepaid.

☐ By facsimile.

☐ By the Court's electronic filing system pursuant to Rule 46A.

☐ By e-mail in Adobe PDF format with confirmation sent pursuant to Tenn. R. Civ. P. 5.02(2).

☐ By hand-delivery.

☒ By e-mail.

☐ By third party express delivery carrier, i.e., Federal Express, for overnight delivery.

Dulin Kelly, Esq.
Clint Kelly, Esq.
The Kelly Firm
629 East Main Street
Hendersonville, Tennessee 37075

MINTON MAYER

2